UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANN GATES MIDDLETON,<br><br>  Plaintiff,<br>v.<br>WELLS FARGO, N.A., et al.<br><br>  Defendants. | Case No. 2:15-cv-01875-LDG-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 1) |

This matter is before the court on Plaintiff Ann Gates Middleton's Application to Proceed *In Forma Pauperis* (ECF No. 1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636 (a) and Local Rules LR IB 1-3 and 1-7 of the Local Rules of Practice.

**I.    IN FORMA PAUPERIS APPLICATION**

Ms. Middleton is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the full $400 filing fee. Here, Ms. Middleton has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed IFP will be granted. The court will now review the Complaint.

**II.   SCREENING THE COMPLAINT**

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and

complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.  Middleton's Factual Allegations and Claims for Relief

This action involves a mortgage note and deed of trust for the real property of 7754 Pink Ginger Street, Las Vegas, Nevada (the "Property"). *See* Compl. (ECF No. 1-1) at 3. Ms. Middleton alleges she executed a mortgage loan on March 15, 2012. *Id*. On March 12, 2015, Middleton sent defendants Wells Fargo Bank and Guaranteed Rate, Inc. a notice of rescission pursuant to Federal Reserve Board Regulation Z, 12 C.F.R. § 226.23, and 15 U.S.C. § 1635, which are statutes and regulations regarding the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. However, she alleges that defendants have not complied with their statutory obligations as a lender under the notice of rescission. *Id*. In August 2015, Ms. Middleton recorded a Notice of Release of Mortgage under operation of law. *Id*. at 4. Defendants did not respond. *Id*. Middleton seeks a declaratory judgment that the mortgage note related to the Property is terminated, released, void, and invalid. *Id*. at 4–6. Additionally, she seeks restitution based on Carrington's non-compliance with statutory requirements. *Id*. at 6–7.

For the reasons discussed below, the court finds that the complaint fails to state a claim upon which relief can be granted.

### B.  Legal Standard

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against

1  defendants who are immune from suit or claims of infringement of a legal interest that clearly does
2  not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional
3  scenarios). *Id*. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard
4  for determining whether a plaintiff has failed to state a claim upon which relief can be granted
5  under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil
6  Procedure[1] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).
7  Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz.*
8  *Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

9  For the purposes of § 1915's screening requirement, a properly pled complaint must
10 provide "a short and plain statement of the claim showing that the pleader is entitled to relief."
11 Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The
12 simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies
13 to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008).
14 Although Rule 8 does not require detailed factual allegations, it demands "more than labels and
15 conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,
16 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise
17 a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso,*
18 *United States ex rel. v. General Dynamics C4 Systems, Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011)
19 (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported
20 only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must
21 contain sufficient allegations of underlying facts to give fair notice and to enable the opposing
22 party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Secondly,
23 where the claims in the complaint have not crossed the line from plausible to conceivable, the
24 complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual
25 allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the
26 opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652
27 F.3d at 1216.

28 [1] All references to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### C. Ms. Middleton's Allegations Fail to State a Colorable Claim Under TILA

"As a comprehensive consumer protection statute, TILA seeks to protect consumers by requiring certain disclosures to consumers for certain types of loans." *Amonette v. IndyMac Bank, F.S.B.*, 515 F. Supp. 2d 1176, 1181 (D. Haw. 2007). TILA seeks "to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (citing *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363–64 (1973)). Under TILA, a borrower has a cause for action against any lender who violates the disclosure requirements. *Vargas v. JP Morgan Chase Bank, N.A.*, 30 F. Supp. 3d 945, 949–50 (C.D. Cal. 2014) (citing 15 U.S.C. § 1640(a)). To state a colorable TILA claim, a plaintiff must allege a defect in the lender's "material" disclosures. 12 C.F.R. § 226.23(a)(3); *see also Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1143 (N.D. Cal. 2010). The material disclosures include: the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, the amount borrowed, the amount of regular monthly (or other periodic) payments, the amount of any balloon payment, a statement regarding variable-rate transactions, and any prepayment penalties. 12 C.F.R. §§ 226.23(a)(3), 226.32(c), 226.35(b)(2).

TILA requires that loan documents specifically state the last date on which a borrower may rescind the loan agreement without penalty. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986). TILA's so-called "buyer's remorse provision" gives "borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security." *Semar*, 791 F.2d at 701; 15 U.S.C. § 1635(a). TILA and

Regulation Z require that a lender's loan documents tell borrowers "the specific date on which the three-day rescission period expires." *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 901 (C.D. Cal. 2009) (citing *Semar*, 791 F.2d at 701; 15 U.S.C. § 1635(a)). If a lender omits the expiration date and fails to subsequently cure the omission by providing the information, a borrower may rescind the loan within three years after its execution. *Semar*, 791 F.2d at 701–02 (citing 15 U.S.C. § 1635(f)). TILA "grants borrowers an unconditional right to rescind for three days, *after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements*." *Jesinoski v. Countrywide Home Loans, Inc.*, --- U.S. ----, 135 S. Ct. 790, 792 (2015) (emphasis added).

Here, the complaint fails to allege a defect in defendants' material disclosures. Plaintiff indicates the mortgage was dated March 15, 2012. *See* Compl. (ECF No. 1-1) at 3. Thus, her unconditional right to rescind expired three business days later. After the three-business day period but within three years after the execution of the mortgage loan, Plaintiff could rescind only if defendants failed to satisfy TILA's disclosure requirements. Additionally, a borrower must allege "an *ability* to tender the principal balance of the subject loan" to state a TILA claim for rescission. *Garcia*, 676 F. Supp. 2d at 901 (collecting cases). She has not alleged that defendants failed to satisfy TILA's disclosure requirements or that she has the ability to tender the loan balance, therefore, she did not allege sufficient facts to state a valid claim for relief.

In addition, Plaintiff's claim for damages is time-barred. TILA requires that plaintiffs bring damages claims within one year of the date of the loan transaction. 15 U.S.C. § 1640(e); *see also Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1143 (N.D. Cal. 2010). In this case, Plaintiff executed the mortgage on the Property in March 2012. Thus, any damages claim was time barred after March 2013.

Based on the deficiencies explained, the complaint will be dismissed with leave to amend. If Plaintiff chooses to file an amended complaint, she must do so by **February 23, 2017**. Plaintiff is advised to support each of her claims with factual allegations, because all complaints must contain sufficient factual allegations to give fair notice to defendants and to raise a reasonable expectation that discovery will expose evidence of her allegations. *See Starr*, 652 F.3d at 1216;

*Cafasso*, 637 F.3d at 1055. When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). When multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *Id.* The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim she has showing she is entitled to relief; and (3) a demand for the relief she seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 8(a) " generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

Plaintiff is also informed that the court cannot refer to a prior pleading (*i.e.*, the original complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Ann Gates Middleton's Application to Proceed *in Forma Pauperis* (ECF No. 1) is GRANTED. She shall not be required to pay the $400 filing fee.
2. Ms. Middleton is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.
3. The Clerk of the Court SHALL FILE the Complaint (ECF No. 1-1), but **SHALL NOT** issue summons.
4. Plaintiff shall have until **February 23, 2017**, to file an amended complaint if she believes she can correct the noted deficiencies. The amended complaint must be a

1  complete document in and of itself and will supersede the original complaint in its
2  entirety.  Any allegations, parties, or requests for relief from prior papers that are not
3  carried forward in the amended complaint will no longer be before the court.
4  5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST
5  AMENDED COMPLAINT" in the caption on the first page and write 2:15-cv-01875-
6  LDG-PAL in the space for "Case No."
7  6. Plaintiff's failure to comply with this Order by submitting an amended complaint on
8  the correct form before the **February 23, 2017**, deadline will result in a
9  recommendation to the district judge that this case be dismissed.
10 DATED this 23rd day of January, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE