UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANN GATES MIDDLETON,<br><br>                   Plaintiff,<br>v.<br><br>WELLS FARGO, N.A., et al.<br><br>                   Defendants. | Case No. 2:15-cv-01875-LDG-PAL<br><br>**ORDER**<br><br>(Mot. Serve Defs. – ECF No. 9;<br>Mot. Allow Access to Ct. – ECF No. 13) |

This matter is before the court on Plaintiff Ann Gates Middleton's Motion for Lifting Stay on Serving Defendants (ECF No. 9) and Motion to be Allowed Access to Court because of Coram Non Judice (ECF No. 13). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Ms. Middleton is proceeding in this action *pro se* and *in forma pauperis* ("IFP"). In May 2017, she filed the pending Motion for Lifting Stay on Serving Defendants (ECF No. 9). She also filed two separate Affidavits (ECF Nos. 10, 11) in support of a "jurisdictional challenge." In July 2017, she filed a Demand for Validation of Subscribed Oath of Office and 2nd Affidavit in Support of Jurisdictional Challenge (ECF No. 12). She filed the pending Motion to be Allowed Access to Court because of Coram Non Judice (ECF No. 13) on August 8, 2017. In a separate Report of Findings and Recommendation entered today, the undersigned outlined the procedural history of the case, analyzed the allegations in Ms. Middleton's Amended Complaint (ECF No. 8), and recommended that the amended pleading be dismissed and this case be closed.

The Motion for Lifting Stay on Serving Defendants (ECF No. 9) and Motion to be Allowed Access to Court because of Coram Non Judice (ECF No. 13) lack merit. Middleton demands to be allowed access to court based on "coram non judice." *See Coram Non Judice*, Black's Law Dictionary (10th ed. 2014) (defining the Latin term as "1. Outside the presence of a judge. 2.

Before a judge or court that is not the proper one or that cannot take legal cognizance of the matter."). She argues that the undersigned denied her due process by instructing the Clerk of the Court not to issue summons while "simultaneously setting 7/27/17 as the date to provide proof of service." Mot. (ECF No. 13) at 3. Ms. Middleton also asserts that a magistrate judge is a non-judicial person "on account of invalid orders and an invalid sworn oath." *Id*. at 1. "Upon information and belief," the oath taken by the undersigned does not match the oath required by 28 U.S.C. § 453 and is, therefore, invalid. *Id*. at 4. She states that the undersigned "is a magistrate and is not the tribunal," which is "either the people himself, or a fully empowered jury." Mot. (ECF No. 13) at 3. Thus, the undersigned "has clearly stolen (taken over, assumed) the role of the tribunal." *Id*. Ms. Middleton directs the court to allow her to obtain summonses with one week so she can serve the numerous defendants and have her day in court. *Id*. at 4.

Middleton has not been denied access to the court or due process. Ms. Middleton correctly points out that the Clerk of the Court was instructed not to issue summons when the court dismissed the original complaint with leave to file an amended complaint if she believed she could cure the noted deficiencies. *See* Jan. 24, 2017 Order (ECF No. 4) at 5. The Order explained that the Clerk of the Court is directed to issue summons to the defendant(s) only after the court determines a complaint states a valid claim for relief. Once the court screens an *in forma pauperis* complaint, and finds the plaintiff has stated a claim on which relief may be granted the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). When she filed the Amended Complaint (ECF No. 8), the court's computer CM/ECF filing system automatically generated a proof of service deadline for July 27, 2017. The court did not impose a service deadline and the order specifically directed that the clerk not issue summons. The auto-generated deadline was a simple clerical error because an amended complaint must be screened before the 90-day service deadline begins to run under Rule 4 of the Federal Rules of Civil Procedure. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (pursuant to 28 U.S.C. § 1915(e), all IFP complaints *and amended complaints* must be screened before any defendant is required to respond). Notably, the Clerk of the Court did not issue a notice of intent to dismiss for failure to serve defendants even though Ms. Middleton did not submit proof of service by the purported

deadline. Thus, this case was not subject to dismissal prior to the court issuing the report of findings and recommendation, and there has been no due process violation.

In addition, Middleton's claims that this court exceeded her jurisdiction are without merit. When Congress created the current three-tiered system of courts under Article III of the Constitution in 1896, district judges could appoint commissioners to handle preliminary matters in cases. The Federal Magistrates Act of 1968 established a new nationwide system of judicial officers in every district court, replacing commissioners with the newly created position of magistrate. Congress changed the formal title of magistrate to magistrate judge in the Judicial Improvement Act of 1990. *See Dixon v. Ylst*, 990 F.2d 478, 480 n.1 (9th Cir. 1993) ("The title was changed from 'magistrate' to 'magistrate judge'."). A magistrate judge is a federal judge. *See, e.g.*, Fed. R. Crim. P. 1(b)(3) (" 'Federal Judge' means … a magistrate judge"); 28 U.S.C. § 631 (discussing the appointment and tenure of magistrate judges).

28 U.S.C. § 636 addresses the jurisdiction and powers of magistrate judges. The statute provides that magistrate judges shall exercise their specified powers "within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law." 28 U.S.C. § 636(a). Magistrate judges may hear and determine "*any pretrial matter* pending before the court," "conduct hearings, including evidentiary hearings," and submit "proposed findings of fact and recommendations" to the assigned district judge for dispositive matters. 28 U.S.C. § 636(b)(1) (emphasis added). Magistrate judges may also be assigned additional duties pursuant to the rules established by each district. 28 U.S.C. § 636(b)(3), (4). In this district, magistrate judges are authorized to perform numerous additional duties, which include exercising general supervision of civil and criminal calendars and conducting pretrial conferences and proceedings in civil and criminal cases. *See* LR IB 1-7.

To date, all of my orders in this case have decided pretrial, non-dispositive matters over which the plain language of 28 U.S.C. § 636(b)(1)(A) gives magistrate judges jurisdiction. The court has now found that the amended complaint fails to state a federal claim, and submitted a report and recommendation to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1)(B)

1 | recommending dismissal of this case. Because dismissal for failure to state a claim is recommended, service of the amended complaint is not authorized. The court therefore denies Ms. Middleton's Motion for Lifting Stay on Serving Defendants (ECF No. 9).

Ms. Middleton's challenge of the court's jurisdiction based on her "information and belief" that the court did not take the required oath of office is frivolous. Such arguments have been characterized as "urban legend." *United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007). Federal judges have a "statutory obligation to take an oath before performing the duties of their office." *Id*. (citing 28 U.S.C. § 453). However, "nothing in this statute (or elsewhere in the law)" requires judges to "demonstrate to the satisfaction of a litigant in a particular case that he or she has taken this oath." *Id*. The court's commission and oath are a matter of public record. *See In re Anthony*, 481 B.R. 602, 614 (D. Neb. 2012). The court is not required to demonstrate to Middleton's satisfaction that the required oath was taken. *Id*.

For the reasons explained,

**IT IS ORDERED:** Plaintiff Ann Gates Middleton's Motion for Lifting Stay on Serving Defendants (ECF No. 9) and Motion to be Allowed Access to Court because of Coram Non Judice (ECF No. 13) are **DENIED**.

Dated this 18th day of August, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE