UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANN GATES MIDDLETON,<br><br>        Plaintiff,<br>v.<br><br>WELLS FARGO, N.A., et al.<br><br>        Defendants. | Case No. 2:15-cv-01875-LDG-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court for screening of Plaintiff Ann Gates Middleton's Amended Complaint (ECF No. 8)[1] which is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## **BACKGROUND**

Ms. Middleton is proceeding in this action *pro se* and *in forma pauperis* ("IFP"). She commenced this action on September 30, 2015, by filing an IFP Application (ECF No. 1) and proposed complaint. She subsequently filed a Motion to Expedite Ruling on Fee Waiver Request (ECF No. 2). The court denied her request explaining that civil cases are processed in the order in which they are filed in the absence of a true emergency. *See* Order (ECF No. 3). The order indicated that an order would issue granting or denying IFP status when the court screened the proposed complaint and determined whether it stated a colorable claim.

Upon review of the complaint, the court determined that it failed to state an actionable claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f. The court therefore issued an Order (ECF No. 4) instructing Middleton to file an amended complaint by February 23, 2017, if she believed she could correct the noted defects in her pleading. Ms. Middleton filed

---

[1] The court will address her Motion for Lifting Stay on Serving Defendants (ECF No. 9) and Motion to be Allowed Access to Court because of Coram Non Judice (ECF No. 13) in a separate order.

Objections (ECF No. 6) to the undersigned's Order. Although Ms. Middleton disagreed with the finding that her complaint failed to state a claim, she stated she would file an amended complaint by the deadline. Ms. Middleton did not file an amended complaint by the February 23, 2017 deadline.

On March 31, 2017, the court issued an Order to Show Cause (ECF No. 7) why sanctions should not be imposed for her failure to file an amended complaint and her failure to comply with the Order (ECF No. 4). The order provided that filing the amended complaint on or before April 28, 2017, would satisfy the court that sanctions were not warranted. Ms. Middleton filed her Amended Complaint (ECF No. 8) on April 28, 2017.[2]

## DISCUSSION

### I. SCREENING THE AMENDED COMPLAINT

Pursuant to § 1915(e), federal courts must screen all IFP complaints and amended complaint prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the court determines that the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). If the court determines that the complaint fails to state an actionable claim, the complaint is dismissed and the plaintiff is ordinarily given leave to amend with directions as to curing the pleading deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Allegations in a *pro se* complaint are held to less stringent standards

---

[2] The Amended Complaint (ECF No. 8) also names Ervin Middleton as a plaintiff. This individual has not submitted an IFP application. To the extent this additional plaintiff seeks IFP status, he must submit an application to proceed IFP if he intends to be included in this action. Until the new plaintiff does so, Ann Gates Middleton is the only individual the court recognizes as the plaintiff in this case.

Additionally, the court notes that pro se parties may not pursue claims on behalf of others in a representative capacity. *See*, *e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 665 (9th Cir. 2008) (collecting cases); *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding that a parent or guardian may not bring suit in federal court on behalf of their child without first retaining an attorney); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Plaintiffs will not be permitted to engage in the unauthorized practice of law by purporting to represent or act on behalf of another plaintiff or anyone else.

than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Ms. Middleton's Amended Allegations and Claims for Relief**

This action involves a mortgage note and deed of trust for the real property of 7754 Pink Ginger Street, Las Vegas, Nevada (the "Property"). *See* Am. Compl. (ECF No. 8) at 4. The Amended Complaint names as defendants Guaranteed Rate, Inc. ("GRI"); Wells Fargo Bank, N.A. ("Wells Fargo"); Mortgage Electronics Registration Systems, Inc. ("MERS"); Government National Mortgage Association; Old Republic Title Company of Nevada ("Old Republic"); Office of Debbie Conway, Clark County Recorder ("Recorder's Office"); Assistant Clark County Recorder Eugene Mendiola ("Mr. Mendiola"); and Does 1-25.

Ms. Middleton alleges that the events giving rise to this case began after she closed escrow on the Property in March 2012. She alleges that GRI withheld information from her and only partially disclosed facts. Had she been in possession of this information, she would not have entered into the agreement. She claims she has tried to validate the alleged debt on her Property with Wells Fargo and GRI but claims she received evasive answers.

Based on a report she received from Old Republic, Ms. Middleton alleges that several transfers of the mortgage occurred for two months after the closing. Although she believed that GRI was the actual lender, the report indicated that GRI was the interim servicer and Ally Bank was the interim lender. In April 2012, Wells Fargo replaced GRI as the servicer and investor; thus, GRI was paid off. She alleges this extinguished her indebtedness and discharged the security interest on the deed of trust. At the time, the Clark County Recorder had no record of the deed of trust transferring to a third-party, which disputes defendants' later claim that the promissory note and/or the deed of trust was later assigned. Middleton alleges that the numerous transfers on the MERS report violate the statute of frauds and constitute deceptive trade practices. From October 2014 through February 2017, she exchanged various correspondence with defendants requesting

an accounting, stating her belief that the account balance is zero, and asserting that defendants have engaged in massive fraud and clouded her title. *See* Am. Compl. (ECF No. 8), Exhibits C, D, F, H, J.

In November 2016 and March 2017, Ms. Middleton attempted to file a "Rescission of Signature" and affidavits with the Recorder's Office. *See id*., Exhibit L. However, Mr. Mendiola denied the requests to record the document. *See id*., Exhibit K. Middleton alleges that Mr. Mendiola made improper legal determinations about the documents as there was nothing wrong with the documents' formatting. The Recorder's Office refused to allow Ms. Middleton to rescind her signature from a document, but still allowed Old Republic to record documents.

Ms. Middleton alleges that defendants' actions affected her property rights and interests and, therefore, violated the Civil Rights Act of 1866. She also alleges causes of action for "trespass on the case." She seeks $6,221,000 in general damages for her trespass claim and $6,000,000 for the civil rights claim.

For the reasons discussed below, the Amended Complaint fails to state an actionable claim and the court will recommend dismissal of this action.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Id*.; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under

§ 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[3] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Stated differently, the factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

**C. Analysis**

1. The Civil Rights Act of 1866

The Civil Rights Act of 1866 banned public and private racial discrimination in the sale and rental of property. Now codified in 42 U.S.C. § 1982, the statute provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white

---

[3] Any reference to a "Rule" or the "Rules" in this Order refer to the Federal Rules of Civil Procedure.

5

citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Although "§ 1982 does not use the phrase 'discrimination based on race,' that is its plain meaning." *Gomez-Perez v. Potter*, 553 U.S. 474, 479–80 (2008) (citing *Tennessee v. Lane*, 541 U.S. 509, 561 (2004) (Scalia, J., dissenting) (describing § 1982 as "banning public or private racial discrimination in the sale and rental of property"). Section 1982 addresses the right of African Americans "to hold and acquire property on an equal basis with white persons and the right of [African Americans] not to have property interests impaired because of their race." *City of Memphis v. Greene*, 451 U.S. 100, 122 (1981).

To state a claim for racial discrimination under § 1982, a plaintiff must allege: (1) he or she is a member of a racial minority; (2) defendant intended to discriminate on the basis of race; and (3) the discrimination involved one or more of the property rights enumerated in the statute. *Cinema Art Theater, Inc. v. City of Troy*, 810 F. Supp. 2d 489, 495 (N.D.N.Y. 2011). The factual allegations must plausibly suggest that the defendant's actions had a "racial impact that negatively affected" him or her. *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1120 (N.D. Cal. 2011) (citing *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980)).

Here, the Amended Complaint (ECF No. 8) fails to state a colorable claim under § 1982 that Ms. Middleton was discriminated against, intentionally or unintentionally, on the basis of race. She makes no allegations that she is a member of a racial minority, or even that the defendants were aware of her racial background. Most importantly, she does not allege that defendants intended to discriminate against her *because* of her race. Rather, she merely alleges that Mr. Mendiola made improper legal determinations about her documents and refused to allow her to record those documents. The amended complaint fails to state a claim under § 1982.

2. <u>Supplemental Jurisdiction for Middleton's State Law Claims</u>

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. Federal district courts have original jurisdiction over

"all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a plaintiff states an actionable claim under federal law, district courts have supplemental jurisdiction over all claims in the case that are so related to claims providing original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

The Amended Complaint (ECF No. 8) does not specifically allege grounds for this court's jurisdiction. Because Middleton and certain defendants are Nevada citizens, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332. Accordingly, jurisdiction in this case must be based on this court's original jurisdiction over the § 1982 claim arising under the laws of the United States. *See* 28 U.S.C. § 1331. Ms. Middleton's trespass claims are tort claims arising under Nevada state law. Because the amended complaint fails to state an actionable federal claim, the court necessarily cannot exercise supplemental jurisdiction over her state-law claims. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.").

II. **DISMISSAL IS WARRANTED AFTER MIDDLETON'S AMENDED COMPLAINT FAILED TO CURE HER PLEADING DEFICIENCIES**

The court has discretion to grant leave and should freely do so "when justice so requires." *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). However, courts may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Thus, a plaintiff who is granted leave to cure pleading deficiencies but fails to do so can be subject to dismissal without leave to amend yet again. *Id*.

Here, the court granted Ms. Middleton leave to amend, pointing out the deficiencies with her complaint. Instead of curing the deficiencies of her original Complaint (ECF No. 5), Ms. Middleton's Amended Complaint (ECF No. 8) essentially reiterates the same allegations relating to the mortgage on her Property, includes allegations about an incident that occurred after the fling

7

of this action, adds additional defendants, and asserts new state-law claims. The Amended Complaint contains conclusory allegations and again fails to state a claim. Moreover, a complaint making similar allegations relating to the mortgage on the same property against GRI and Wells Fargo was dismissed in June 2015. *See Middleton v. Guaranteed Rate, et al.*, No. 2:15-cv-00943-RCJ-GWF, June 25, 2015 Order (ECF No. 18) (granting Wells Fargo and GRI's motion to dismiss claims for rescission and restitution and closing the case). Under these circumstances the court concludes that any additional amendment would be futile, and further leave to amend should therefore not be granted.

For the reasons explained,

**IT IS RECOMMENDED:**

1. Plaintiff Ann Gates Middleton's Amended Complaint be **DISMISSED**.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 18th day of August, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United*

1 | *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely
2 | objections to any factual determinations by a magistrate judge may be considered a waiver of a
3 | party's right to appellate review of the findings of fact in an order or judgment entered pursuant to
4 | the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.
5 | 72.